IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| PURSUIT CAPITAL MANAGEMENT, LLC, | Case No. 14-10610-PJW |
| Debtor.[1] | Hon. Peter J. Walsh |

SCHEDULES OF ASSETS AND LIABILITIES
AND
STATEMENT OF FINANCIAL AFFAIRS
FOR PURSUIT CAPITAL MANAGEMENT, LLC

Gregg M. Galardi (DE-002991)
1201 N. Market Street, Suite 2100
Wilmington, DE 19801
Telephone: (302) 468-5700
Facsimile: (302) 394-2341
Email: Gregg.galardi@dlapiper.com

*Attorneys for the Debtor*

---

[1] The last four digits of the Debtor's federal tax identification number are 8234. The Debtor's mailing address and corporate headquarters is 34 East Putnam Avenue, Suite 113 Greenwich, CT 06830.

EAST\74673601.1

Pursuit Capital Management, LLC (the "Debtor"), hereby submits its Schedules of Assets and Liabilities and Statements of Financial Affairs (collectively, the "Schedules") pursuant to 11 U.S.C. § 521 and Fed. R. Bankr. P. 1007. The notes, statements, and disclaimers made herein (the "Global Notes") are fully incorporated by reference in, and comprise an integral part of, the Schedules and should be referred to and reviewed in connection with any review of the Schedules.

## GENERAL NOTES REGARDING THE SCHEDULES

1. <u>Description of the Case and "As Of" Information Date</u>. On March 21, 2014 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code (the "Petition"). For purposes of the Schedules, which are intended to relate to facts or events occurring before the filing of the Petition, the Debtor disclosed all facts or events through and including the Petition Date. To the extent that any facts or events were inadvertently omitted, the Debtor reserves the right to amend the Schedules to correct any such defects.

2. <u>Unaudited Financial Information</u>. While the Debtor has sought to ensure that the Schedules are accurate and complete based upon information that was available at the time of preparation, the subsequent receipt of information or any audit may result in material changes to financial data and other information contained in the Schedules. Except as otherwise certified, all of the data set forth herein is unaudited.

3. <u>Accuracy</u>. While the Debtor has sought to file complete and accurate Schedules, inadvertent errors and omissions may exist. Accordingly, the Debtor reserves the right to amend the Schedules as necessary or appropriate.

4. <u>Liabilities</u>. In preparing the Schedules, the Debtor sought to allocate liabilities between prepetition and postpetition periods based on ongoing information and research. As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change and the Schedules may be amended accordingly.

5. <u>Claim Description</u>. Any failure to designate a claim on the Schedules as "contingent," "unliquidated," or "disputed" does not constitute an admission by the Debtor that such claim is not "contingent," "unliquidated," or "disputed." The Debtor expressly reserves the right, on his own behalf or on behalf of the estate, to dispute, or to assert offsets or defenses, to any claim reflected on the Schedules as to existence, validity, amount, classification, priority, or security, or to amend the Schedules to designate any claim as "contingent," "unliquidated," or "disputed." The Debtor has attempted to reconcile each of the claims against its own records and to dispute those with which its records disagree, but in the event the Debtor subsequently determines that any claims listed on the Schedules as "undisputed" are inconsistent with its books and records, the Debtor reserves the right to amend the Schedules to reflect that such claims are disputed, or to object to such claims without amending the Schedules if it determines that amending the Schedules is unnecessary.

6. <u>Claim Amounts</u>. The amount of claims of individual creditors for, among other things, merchandise, goods, services, or taxes are scheduled in accordance with the amounts invoiced by the creditors as entered on the Debtor's books and records and may not reflect credits or allowances due from such creditors to the Debtor. The Debtor reserves all rights with respect to any such credits and allowances including without limitation the right to assert claims objections and/or setoffs with respect to same. The dollar amounts of claims listed may be exclusive of contingent and unliquidated amounts.

7. <u>Satisfied Claims</u>. The Debtor may have satisfied, and may in the future satisfy (to the extent permitted by law), certain debts that may have constituted claims as of the Petition Date. To the extent that the Debtor made payments on or after the Petition Date as permitted under applicable orders, the recipients may not be listed in the Schedules. The inclusion of any claim on the Schedules should not be construed as an admission that such claim was not satisfied on or after the Petition Date, and the inclusion or exclusion of certain claims that were satisfied on the Petition Date shall not constitute an admission that all such claims were included or excluded. Furthermore, payment by the Debtor of any prepetition claim does not constitute an admission or estoppel that such payment was authorized by the Court or the Bankruptcy Code, and the rights of the Debtor's estate to avoid and recover such payments is expressly preserved regardless of how such claim may appear on the Schedules.

8. <u>Specific Notes</u>. These Global Notes are in addition to any specific notes set forth in the Schedules.

9. <u>Submission of Counsel</u>. The execution below of counsel is for submission of these Global Notes only and does not constitute a statement under oath of the validity of the matters set forth in the Schedules.

Dated: April 7, 2014
Wilmington, Delaware

**DLA PIPER LLP (US)**

<u>/s/ Gregg M. Galardi</u>
Gregg M. Galardi (DE-002991)
1201 N. Market Street, Suite 2100
Wilmington, DE 19801
Telephone: (302) 468-5700
Facsimile: (302) 394-2341
Email: gregg.galardi@dlapiper.com

B7 (Official Form 7) (04/13)

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF DELAWARE

In re:   Pursuit Capital Management, LLC                     Case No. 14-10610-PJW
         _____Debtor_____                                      (if known)

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

"*In business*." A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

"*Insider*." The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101(2), (31).

**1.   Income from employment or operation of business**

None   State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of
☐      the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

            AMOUNT                                                  SOURCE
         *See footnote.

---

* The Debtor received gross income in the amount of $645,571.22 from Pursuit Capital Management Fund I, L.P. for the calendar year 2011, which was subsequently transferred to its members in the ordinary course of business on 1/16/13.

EAST\57282685.4

B7 (Official Form 7) (04/13) 2

2. **Income other than from employment or operation of business**

None ☒ State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                                        SOURCE

3. **Payments to creditors**

*Complete a. or b., as appropriate, and c.*

None ☐ a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None ☒ b. *Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made within* **90 days** *immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225†. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)*

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

---

† *Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

EAST\57282685.4

B7 (Official Form 7) (04/13) 3

None ☒ c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

### 4. Suits and administrative proceedings, executions, garnishments and attachments

None ☐ a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| Pursuit Capital Management, LLC v. Claridge Associates, LLC, Jamiscott LLC, Leslie Schneider and Lillian and Leonard Schneider; Index No. 654301/2012 | Breach of Contract | Supreme Court of the State of New York, County of New York | Pending |
| Claridge Associates, LLC, Jamiscott LLC, Leslie Schneider and Lillian and Leonard Schneider v. Pursuit Capital Management, LLC; Case No. 13 512 M 0111812 | Arbitration | American Arbitration Association | Pending |
| Alpha Beta Capital Partners, L.P. v. Pursuit Investment Management, LLC; Pursuit Capital Management, LLC; Pursuit Opportunity Fund I, L.P.; and Pursuit Capital Management Fund I, L.P.; Index No. 152104/2013 | Breach of Contract | Supreme Court of the State of New York, County of New York | Pending |
| Pursuit Investment Management, LLC, et al. v. Alpha Beta Capital Partners, L.P., et al.; Index No. 652457/2013 | Breach of Contract | Supreme Court of the State of New York, County of New York | Pending |

None ☒ b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

### 5. Repossessions, foreclosures and returns

EAST\57282685.4

B7 (Official Form 7) (04/13) 4

None ☒ List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

### 6.  Assignments and receiverships

None ☒ a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None ☒ b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE Of PROPERTY |
|---|---|---|---|

### 7.  Gifts

None ☒ List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

### 8.  Losses

None ☒ List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case or **since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must

EAST\57282685.4

B7 (Official Form 7) (04/13) 5

include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

---

**9.    Payments related to debt counseling or bankruptcy**

None ☐    List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| DLA Piper LLP (US) 1251 Avenue of the Americas New York, New York 10020 | March 21, 2014; Pursuit Investment Management, LLC | $50,000 |

---

**10.    Other transfers**

None ☐    a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR ‡ See footnote. | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None ☒    b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

---

**11.    Closed financial accounts**

None    List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include

---

‡ As noted in the footnote to Question #1, a performance fee was earned under the Pursuit Capital Management Fund I, L.P. Amended and Restated Limited Partnership Agreement and transferred to the Debtor's Members on 1/16/13 in the ordinary course of business. Any reference to this performance fee herein shall not be construed as an admission that the transfer is outside the ordinary course of business or financial affairs of the Debtor. Further, this figure represents the aggregate amount transferred to the Members. At this time the Debtor does not have access to the records needed to determine the amount transferred to each Member.

EAST\57282685.4

B7 (Official Form 7) (04/13) 6

☐ checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| Wells Fargo<br>28 Havemeyer Pl.<br>Greenwich, CT 06830 | Checking; 7856<br>$0.00 | Jan. 2014 |

**12.  Safe deposit boxes**

None ☒  List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

**13.  Setoffs**

None ☒  List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

**14.  Property held for another person**

None ☒  List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

EAST\57282685.4

B7 (Official Form 7) (04/13)                                                                                                                                 7

**15.    Prior address of debtor**

None    If debtor has moved within three years immediately preceding the commencement of this case, list all premises
☐       which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is
        filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| 35 Mason Street, Greenwich CT 06830 | N/A | Feb. 2011 - Nov. 2013 |

**16.    Spouses and Former Spouses**

None    If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona,
☒       California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight
        years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of
        any former spouse who resides or resided with the debtor in the community property state.

NAME

**17.    Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None
☒       a. List the name and address of every site for which the debtor has received notice in writing by a governmental
        unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the
        governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
☒       b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release
        of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

EAST\57282685.4

B7 (Official Form 7) (04/13) 8

None ☒ c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

### 18. Nature, location and name of business

None ☒ a. *If the debtor is an individual*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|

None ☒ b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|---|---|

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

### 19. Books, records and financial statements

None ☐ a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| Anthony P. Schepis<br>Pursuit Capital Management, LLC | Feb. 2012 – Present |

EAST\57282685.4

B7 (Official Form 7) (04/13)                                                   9

34 East Putnam Avenue, Suite 113
Greenwich, CT

None
☐    b. List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|
| EisnerAmper | 750 Third Ave.<br>New York, NY 10017<br>(212) 949-8700 | 2011, 2012 |

None
☐    c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|---|---|
| Frank Canelas, Jr.<br>Anthony P. Schepis | Pursuit Partners LLC<br>34 East Putnam Avenue, Suite 113<br>Greenwich, CT 06830 |

None
☒    d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

NAME AND ADDRESS                                       DATE ISSUED

---

         **20.**     **Inventories**

None
☒    a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

DATE OF INVENTORY            INVENTORY SUPERVISOR      DOLLAR AMOUNT
                                                                                 OF INVENTORY
                                                                                 (Specify cost, market or other basis)

None
☒    b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

DATE OF INVENTORY                               NAME AND ADDRESSES OF CUSTODIAN
                                                                           OF INVENTORY RECORDS

---

         **21.**     **Current Partners, Officers, Directors and Shareholders**

None
☒    a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

NAME AND ADDRESS                 NATURE OF INTEREST         PERCENTAGE OF INTEREST

None
☐    b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

B7 (Official Form 7) (04/13)            10

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| Frank Canelas, Jr., Pursuit Partners LLC 34 East Putnam Avenue, Suite 113 Greenwich, CT 06830 | Member | 50% membership interest |
| Anthony P. Schepis Pursuit Partners LLC 34 East Putnam Avenue, Suite 113 Greenwich, CT 06830 | Member | 50% membership interest |

**22. Former partners, officers, directors and shareholders**

None ☒    a. If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None ☒    b. If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

**23. Withdrawals from a partnership or distributions by a corporation**

None ☒    If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**24. Tax Consolidation Group.**

None ☒    If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within six years immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION        TAXPAYER-IDENTIFICATION NUMBER (EIN)

**25. Pension Funds.**

None    If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as

EAST\57282685.4

---

B7 (Official Form 7) (04/13)                                                                                                                                    11

☒    an employer, has been responsible for contributing at any time within six years immediately preceding the commencement of the case.
     NAME OF PENSION FUND                    TAXPAYER-IDENTIFICATION NUMBER (EIN)

* * * * *

EAST\57282685.4

B7 (Official Form 7) (04/13)                                                                                                                                11

* * * * *

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date _____        Signature of Debtor _____
Date _____        Signature of Joint Debtor (if any) _____

*[If completed on behalf of a partnership or corporation]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date __April 7, 2014__        Signature _____
                              Print Name and Title   Anthony P. Schepis, Managing Member

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

_____ continuation sheets attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

---

**DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____    Social-Security No. (Required by 11 U.S.C. § 110.)
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social-security number of the officer, principal, responsible person, or partner who signs this document.*

_____
Address

_____    _____
Signature of Bankruptcy Petition Preparer                Date

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the

EAST\57282685.4

B7 (Official Form 7) (04/13)                                                                                                                            12

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 18 U.S.C. § 156.*

EAST\57282685.4