IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>PURSUIT CAPITAL MANAGEMENT, LLC,<br><br>Debtor.[1] | Chapter 7<br><br>Case No. 14-10610-PJW<br><br>Re: D.I. 22<br>Hearing Date: 9/4/2014 at 2:00 p.m. (ET) |

**OBJECTION OF ANTHONY SCHEPIS AND FRANCIS
CANELAS, JR. TO MOTION OF CLARIDGE ASSOCIATES, LLC,
JAMISCOTT, LLC, LESLIE SCHNEIDER, LILLIAN SCHNEIDER
AND THE ESTATE OF LEONARD SCHNEIDER TO COMPEL COMPLIANCE
WITH COURT ORDERS AND FOR RELIEF FROM THE AUTOMATIC STAY**

Anthony Schepis ("Schepis") and Francis Canelas, Jr. ("Canelas", and together with Schepis, the "Respondents"), by and through their undersigned attorneys, hereby file this objection (the "Objection") to the Motion of Claridge Associates, LLC, Jamiscott, LLC, Leslie Schneider, Lillian Schneider And The Estate Of Leonard Schneider (the "Claimants") To Compel Compliance With Court Orders And For Relief From The Automatic Stay [Dkt. No. 22] (the "Motion").[2] In support hereof, the Respondents respectfully represent as follows:

**INTRODUCTION**

The Claimants' Motion is another improper attempt to enforce a pre-petition judgment entered against the Debtor. Specifically, on March 20, 2014, the Supreme Court of the State of New York (the "State Court") issued judgments against the Debtor, in its capacity as the general partner of Pursuit Fund I, directing the Debtor to, inter alia, transfer certain funds in Pursuit Fund I to the Claimants' and to submit to an accounting. At the time of entry of these judgments,

---

[1] The last four digits of the Debtor's federal tax identification number are 8234. The Debtor's mailing address and corporate headquarters is 34 East Putnam Avenue, Suite 113 Greenwich, CT 06830.
[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

however, the Debtor was no longer the general partner of Pursuit Fund I, having been replaced by Northeast Capital Management LLC ("Northeast") in accordance with Pursuit Fund I's governing documents. In an attempt to have the judgments previously entered against the Debtor also entered against the new general partner Northeast, the Claimants filed a motion with the State Court seeking to add Northeast. On June 27, 2014, the State Court denied the Claimants' motion. Following this defeat, the Claimants now request that this Court enter an order to (i) compel the Debtor to comply with certain orders of the State Court purportedly directing the Debtor to transfer funds, over which it admittedly does not have access, to the Claimants, and (ii) authorize the Claimants "to exercise any and all state-law remedies against the Debtor and various affiliates." See Motion, p.1. Leaving aside that the Respondents[3] disagree with many of the statements and allegations contained in the Motion and attached exhibits, as demonstrated below, the Motion is substantively flawed and should be denied.

## OBJECTION

As noted above, Claimants seek two forms of relief: (i) an order directing the Debtor and/or Chapter 7 Trustee to comply with pre-petition orders directing payment to the Claimants; and (ii) an order modifying the automatic stay to allow the Claimants "to exercise any and all state-law remedies against the Debtor and various affiliates" See id. This Court should deny the Motion on substantive grounds.

**I.    The Claimants' Request For An Order Compelling The Debtor To Comply With State Court Judgments Should Be Denied.**

By the Motion, the Claimants request that this Court direct the Debtor to comply with an order requiring the Debtor "to, *inter alia*, cause Pursuit Fund I to return $1,186,346 of the Claimants' funds to the Claimants, and to submit an accounting." See Motion at ¶¶ 22, 33. As

---
[3] The Respondents are both named in the draft Complaint the Claimants seek authority to file in State Court.

the Claimants admit, at the time of the commencement of the Debtor's Chapter 7 case, the Debtor had already been removed as the general partner of Pursuit Fund I.  Id.  Consequently, even if the Debtor could have availed itself of the funds in Pursuit Fund I when it was the general partner, a position with which the Respondents disagree, it certainly cannot do so now.  Thus, simply speaking, the Court cannot order the relief requested by the Claimants.

Nor should this Court be moved by the Claimants' allegations that the Debtor "had secretly been 'removed' as the general partner," id. at ¶ 23, and that the Debtor had been "completely stripped of assets and wrongfully removed as the general partner of the Fund."  Id.  Indeed, the Respondents have advised the Chapter 7 Trustee that they believe the actions were well-within the authority granted to the general partner under the governing documents and that the replacement of the general partner of Pursuit Fund I was to ensure that all creditors of that fund would ultimately be entitled to at least a pro rata recovery from those funds, as opposed to the disproportionate recovery sought by the Claimants in their "rush to the courthouse."  In any event, this is a matter for the Chapter 7 Trustee, not the Claimants, to investigate and pursue should he believe that the Claimants' allegations are meritorious or that any causes of actions, such as fraudulent conveyance or veil piercing claims, exist.

Finally, even assuming that the Debtor was still the general partner of Pursuit Fund I, the Court may not properly grant the relief requested.  As the Claimants admit in their Motion, "the funds [in Pursuit Fund I] do not constitute property of the estate."  See Motion, ¶ 35.  Moreover, under corporate law, the Debtor, as the general partner of Pursuit Fund I, could only distribute funds in Pursuit Fund I to the creditors of that fund, not to itself as the general partner or to its creditors in order to satisfy the judgment against it.  Therefore, leaving aside that the Debtor has other creditors, faces administrative expenses, and is not in control of Pursuit Fund I, the Court

simply would not have the authority to direct the Debtor to disburse non-estate assets to the Debtor's creditors.

**II.     The Claimants' Request For Relief From The Automatic Stay To File A Complaint Should Be Denied.**

As noted above, the Claimants also request that the Court grant relief from the automatic stay in order to pursue claims, including causes of action for purported fraudulent conveyances and insider misconduct. See Motion ¶ 24.  In seeking such relief, the Claimants rightly concede that the causes of action they seek to commence against, among others, the Respondents, are property of the estate under section 541 of the Bankruptcy Code, as otherwise they would not have needed to move for relief from the automatic stay.  Therefore, the Chapter 7 Trustee must be the party asserting such claims.  See In re Transcolor Corp., 296 B.R. 343, 361 (Bankr. D. Md. 2003) ("[W]henever a cause of action 'belongs' to the debtor corporation, the trustee has the authority to pursue it in bankruptcy proceedings."); see also In re DeMert & Dougherty, Inc., 271 B.R. 821, 838 (Bankr. N.D. Ill. 2001) ("Among those powers, the trustee may bring claims against the debtor's fiduciaries.") (citing Koch Refining v. Farmers Union Central Exchange, Inc., 831 F.2d 1339, 1343 (7th Cir. 1987), cert. denied, 485 U.S. 906, 108 S.Ct. 1077, 99 L.Ed.2d 237 (1988) ("rights of action against officers, directors and shareholders of a corporation for breaches of fiduciary duties, which can be enforced by either the corporation directly or the shareholders derivatively before bankruptcy, become property of the estate which the trustee alone has the right to pursue after the filing of a bankruptcy petition.")).

While the Respondents vehemently deny any wrongdoing, the more important point is that the purported causes of action that the Claimants seek to assert belong to the Debtor's estate. Consequently, this Court cannot simply authorize the Claimants to pursue these estate causes of action for their own benefit without a showing that the Chapter 7 Trustee has a conflict of

interest or has abused his discretion or otherwise acted in derogation of his fiduciary duties to the estate. See PW Enters., Inc. v. N.D. Racing Comm'n (In re Racing Servs., Inc.), 540 F.3d 892, 899 (8th Cir. 2008) (finding that "critical inquiry" in determining if a creditor can obtain derivative standing is whether the trustee abused its discretion by "unjustifiably refusing to pursue the creditor's proposed claims."). In determining whether such a refusal is unjustified, courts generally perform a cost-benefit analysis of the claims to determine whether the creditors' claims have colorable merit and whether, in light of the probable costs of litigation, the claims would likely benefit the estate if pursued. See In re America's Hobby Center, Inc., 223 B.R. 275, 282 (Bankr. S.D.N.Y. 1998). In making this determination, the court considers any reasons the debtor might have for opposing the avoidance action. See Catwil Corp. v. Derf II (In re Catwil Corp.), 175 B.R. 362, 364–65 (Bankr. E.D. Cal. 1994) (explaining that in the context of a hearing on a committee's petition for derivative standing, both the debtor-in-possession and the defendant are informed of the committee's intent to assert the right of the debtor-in-possession and debtor-in-possession is also afforded an opportunity to explain to the court the reasons, if any, for declining to prosecute the claim the creditors' committee seeks to assert). Here, the Claimants have not alleged that there has been an unjustifiable failure by the Chapter 7 Trustee to prosecute avoidance claims. In fact, upon information and belief, the Claimants never requested that the Chapter 7 Trustee file suit, there was no formal refusal by the Chapter 7 Trustee, and the Bankruptcy Court therefore has had no occasion to formally assess whether the Chapter 7 Trustee's refusal was unjustified.

Further, the Claimants have not shown that the Chapter 7 Trustee has abandoned the causes of action. Under controlling Third Circuit precedent, this Court may grant the Claimants standing to pursue the Debtor's causes of action only upon a showing that the Chapter 7 Trustee has abandoned those causes of action. See In re Banks, No. 06-1837, 2007 WL 627410, at *2

(3d Cir. Mar. 2, 2007) (explaining that where a cause of action arises before a debtor files for bankruptcy, the Chapter 7 trustee is the only person with authority to bring such a cause of action); see also 11 U.S.C. § 323(a)-(b). In fact, the court in In re Mars Builders, Inc., explained that in order to ensure that any recovery from a cause of action will "redound to the entire creditor body" of the debtor, a party seeking to pursue a fraudulent conveyance cause of action should, first, present all relevant information to the trustee for the trustee's consideration, second, after an appropriate period to allow for the trustee's consideration, make demand upon the trustee to prosecute such action, if such prosecution had not already commenced, and third, after a refusal by the trustee to so prosecute, petition the bankruptcy court for a hearing and entry of an order authorizing such third-party, instead of the trustee, to prosecute such action on behalf of debtor's bankruptcy estate. 397 B.R. 255, 258 (Bankr. W.D. Pa. 2008).

Here, there is no indication that the Chapter 7 Trustee has abandoned the causes of action asserted by the Claimants pursuant to sections 554(a) or (b), nor have the Claimants made any such allegations in the Motion. Indeed, at best, the Claimant's request is for standing to pursue the Complaint on behalf of the Debtor's estate, but they have provided no basis for granting such relief at this time. Accordingly, the requested relief should be denied.[4]

---

[4] Even if this Court were willing to grant such relief, the Claimants would not be free to pursue the causes of action solely for their own benefit. The causes of action are estate property and, thus, any order authorizing the filing of the Complaint must make clear that the Claimants are pursuing the action for the benefit of all of the creditors of the Debtor, not just the Claimants. See In re Emoral, Inc., 740 F.3d 875, 879 (3d Cir. 2014) (stating that the bankruptcy trustee is the proper party to pursue causes of action belonging to the estate because any recovery benefits all creditors of the estate).

## CONCLUSION

For the reasons set forth herein, Respondents respectfully request that the Court deny the relief sought in the Motion in its entirety.

Dated: August 21, 2014
      Wilmington, Delaware

/s/ Stuart M. Brown
Stuart M. Brown (DE 4050)
1201 N. Market Street, Suite 2100
Wilmington, DE 19801
Telephone: (302) 468-5700
Facsimile: (302) 394-2341
Email: Stuart.Brown@dlapiper.com

-and-

Gregg M. Galardi
Gabriella Zborovsky
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 335-4500
Facsimile: (212) 335-4501

*Attorneys for the Respondents*