UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 7 |
| PURSUIT CAPITAL MANAGEMENT, LLC, | : |
| Debtor. | : Case No. 14-10610 (PJW) |

**RESPONSE OF JEOFFREY L. BURTCH, CHAPTER 7 TRUSTEE, TO MOTION OF CLARIDGE ASSOCIATES, LLC, JAMISCOTT, LLC, LESLIE SCHNEIDER, LILLIAN SCHNEIDER AND THE ESTATE OF LEONARD SCHNEIDER TO COMPEL COMPLIANCE WITH COURT ORDERS AND FOR RELIEF FROM THE AUTOMATIC STAY**

Jeoffrey L. Burtch, the Chapter 7 Trustee (the "Trustee") for the estate of Pursuit Capital Management, LLC (the "Debtor"), through his undersigned proposed counsel, hereby responds to the Motion of Claridge Associates, LLC, Jamiscott, LLC, Leslie Schneider, Lillian Schneider and the Estate of Leonard Schneider (the "Movants") to Compel Compliance with Court Orders and for Relief from the Automatic Stay (the "Motion"), as follows:

## BACKGROUND

1. On March 21, 2014 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition under chapter 7 of the Bankruptcy Code.

2. On April 7, 2014, the Debtor filed its bankruptcy schedules and statement of financial affairs (the "Schedules"). The Debtor represents in the Schedules that it has no assets, including no cash in any bank accounts. Also, the Debtor reveals that its only creditors are the Movants; Alpha Beta Capital Partners, L.P.; and two insiders, Anthony Schepis and Frank Canelas (the "Insiders" and collectively, the "Creditors").

3. On May 1, 2014, the Trustee commenced and concluded the meeting of creditors under section 341(a) of the Bankruptcy Code and serves as the trustee for this case under section 704 of the Bankruptcy Code.

4. Prior to the Petition Date, the Creditors, all sophisticated parties with capable counsel, were embroiled in litigation and arbitration proceedings for several years.

5. On March 20, 2014, the Supreme Court of New York entered a judgment (the "Judgment") confirming an arbitration award which, among other things, directed the Debtor to cause the payment of the sum of $1,186,346.38 by the Pursuit Capital Management Fund I, LP (the "Fund") to the Movants.

6. On February 17, 2014, the Debtor purportedly took action to withdraw as general partner of the Fund and be replaced by Northeast Capital Management LLC ("NCM"). The Debtor and NCM have the same principals, Messers. Schepis and Canelas.

## RELIEF REQUESTED

7. Through this Motion, the Movants request two items of relief. First, they ask the Court to compel the Debtor or the Trustee to comply with the Judgment and transfer the funds held by the Fund to the Movants. Second, they request relief from the automatic stay to pursue certain claims and causes against the Debtor, and certain insiders and affiliates of the Debtor in the New York state courts.

## TRUSTEE'S RESPONSE TO REQUEST FOR RELIEF

8. With respect to the request to compel the Trustee to comply with the terms of the Judgment, the Trustee notes that the Insiders have filed an objection to the Motion asserting that the Trustee does not have the power or authority to comply with the Judgment.

9. The Insiders assert that the Debtor is no longer the general partner of the Fund and therefore the Trustee is without the authority to cause the Fund to pay the Movants. Further, they assert that in any event the monies held by the Fund are not property of this estate.

10. The Insiders dispute whether the Movants are entitled to this relief, and therefore the Court will have to decide the issue or abstain and have the state court decide the issue. The Trustee takes no position on this issue at this time, but reserves the right to take a position at any hearing on the Motion.

11. With respect to the second request for relief, the Trustee notes that certain of the claims and causes that the Movants seek to pursue in state court are claims held by the Debtor's estate.

12. Based upon what little the Trustee knows at this time, the pursuit of these causes of action will be expensive and protracted and without any certainty as to the ultimate result. Moreover, as set forth above, the estate is without any funding to pursue any cause of action in this case.

13. The Trustee would have no objection to the Movants being appointed as representatives of the estate to pursue the estate causes of action, provided that (i) the Movants can meet the test in the Third Circuit for bringing such claims (*See Infinity Investors Ltd. v. Kingsborough (In re Yes! Entertainment Corp.)* 316 B.R. 141, at 145 (D. Del 2004)); (ii) any recovery is retained by the estate for distribution by the Trustee to all creditors; (iii) no discovery is propounded upon and no deposition shall be taken of the Trustee; and (iv) any settlement is subject to approval by the Bankruptcy Court under Rule 9019 of the Federal Rules of Bankruptcy Procedure.

14. Alternatively, the Trustee would request that this case be dismissed, so that the only parties in interest in this case (Movants, Alpha Beta Capital Partners, L.P. and the Insiders) can return to state court and have their issues adjudicated in the forum that is very familiar with the facts and issues in dispute among these parties.

WHEREFORE, the Trustee respectfully requests that the Court enter an Order that is consistent with the Trustee's position as set forth hereinabove.

Dated: September 2, 2014

Respectfully submitted,

COZEN O'CONNOR

_____
Mark E. Felger (DE No. 3919)
1201 N. Market Street, Suite 1001
Wilmington, DE  19801
302-295-2000 Telephone
302-295-2013 Fax
mfelger@cozen.com

*Proposed Counsel to Chapter 7 Trustee, Jeoffrey L. Burtch*