## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: : | Chapter 7 |
| : | Case No. 14-10610 (PJW) |
| PURSUIT CAPITAL MANAGEMENT, LLC, : | |
| : | **Re: Docket Nos. 33** |
| Debtor. : | Objection Deadline: Sept. 25, 2014 @ 4:00 PM |
| : | Hearing Date: Sept. 29, 2014 @ 11:00 AM |

**RESPONSE OF CHAPTER 7 TRUSTEE TO EMERGENCY MOTION OF CLARIDGE ASSOCIATES, LLC, ET AL., TO FIND THE DEBTOR REMAINS GENERAL PARTNER OF THE PURSUIT CAPITAL MANAGEMENT FUND I, L.P., AND TO COMPEL COMPLIANCE WITH COURT ORDERS AND REPRESENTATIONS OF THE DEBTOR (D.I. 33)**

Jeoffrey L. Burtch, the Chapter 7 Trustee (the "Trustee") for the estate of Pursuit Capital Management, LLC (the "Debtor"), through his undersigned counsel, hereby responds to the Emergency Motion of Claridge Associates, LLC, Jamiscott, LLC, Leslie Schneider, Lillian Schneider, and the Estate of Leonard Schneider (the "Movants") to Find the Debtor Remains General Partner of the Pursuit Capital Management Fund I, L.P., and To Compel Compliance with Court Orders and Representations of the Debtor (the "Motion"), as follows:

### BACKGROUND

1. On March 21, 2014 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition under chapter 7 of the Bankruptcy Code.

2. On April 7, 2014, the Debtor filed its bankruptcy schedules and statement of financial affairs (the "Schedules"). The Debtor represents in the Schedules that it has no assets, including no cash in any bank accounts. Also, the Debtor reveals that its only creditors are the Movants; Alpha Beta Capital Partners, L.P.; and two insiders, Anthony Schepis and Frank Canelas (the "Insiders" and collectively, the "Creditors").

3. On May 1, 2014, the Trustee commenced and concluded the meeting of creditors under section 341(a) of the Bankruptcy Code and serves as the trustee for this case.

4. Prior to the Petition Date, the Movants and the Insiders, all sophisticated parties with capable counsel, were embroiled in litigation and arbitration proceedings for several years. The litigation involved the Movants' investment in Pursuit Capital Management Fund I, L.P. (the "Partnership"), which was part of the Pursuit Hedge Fund Group comprised of various entities, including various feeder funds and master funds, a broker dealer, and an investment advisor, all controlled and owned by the Insiders.

5. Prior to February 17, 2014, the Debtor was the General Partner of the Partnership. On February 17, 2014, the Debtor purportedly took action to withdraw as general partner of the Partnership and be replaced by Northeast Capital Management LLC ("NCM"). The Debtor and NCM have the same principals, Messers. Schepis and Canelas.

6. On March 20, 2014, the Supreme Court of New York entered a judgment (the "Judgment") confirming an arbitration award which, among other things, directed the Debtor to cause the payment of the sum of $1,186,346.38 by the Partnership to the Movants.

**RELIEF REQUESTED**

7. Through this Motion, the Movants request two items of relief. First, Movants seek an Order that the Debtor remains the General Partner of the Partnership under the control of the Trustee and that any purported withdrawal by Debtor as General Partner was null and void under the governing Partnership Agreement. Second, Movants seek an Order requiring the Debtor and/or the Insiders to immediately transfer to the control of the Trustee for appropriate disposition approximately $1.2 million which the Debtor had been ordered to cause to be paid from the Partnership to the Movants prior to the bankruptcy filing.

## TRUSTEE'S RESPONSE TO REQUEST FOR RELIEF

8. The Debtor is no longer the general partner of the Partnership. The Debtor withdraw as General Partner of the Partnership prior to the Petition date and was replaced by NCM. Although not free from doubt, the Partnership Agreement appears to give the Debtor the right to appoint a replacement general partner without the consent of the limited partners. See Motion, Ex. A, Partnership Agreement, § 8.04. That appears to be what happened in this case.[1]

9. However, even if the Debtor were still the general partner of the Partnership as of the Petition Date, because the withdrawal and replacement of the Debtor as general partner were invalid, the Partnership Agreement is an executory contract and the Debtor has not chosen to assume the Partnership Agreement. Accordingly, the Partnership Agreement was rejected as a matter of law and the Debtor is no longer the General Partner. *See, e.g., In re Fidelity America Mortgage Co.*, 10 B.R. 781 (Bankr. E.D. Pa. 1981). *See also Phar-Mor, Inc. v. Strouss Bldg. Assocs.*, 204 B.R. 948, 954 & n.5 (N.D. Ohio 1997) (partners' continuing obligation to associate with each other suggests an ultimate finding of executoriness under the Countryman test); *In re LeRoux*, 167 B.R. 318, 320 (Bankr. D. Mass. 1994) (limited partnership agreement is an executory contract subject to § 365, consistent with the majority of courts who have considered the issue).

10. According to the Schedules and the testimony at the 341 meeting, the Debtor has no ownership interest in the Partnership. There is no reason why the Debtor's estate would want to continue as General Partner of the Partnership, particularly given the ongoing acrimonious disputes between the Movants and the Insiders. There is no benefit to the Debtor's estate for the

---

[1] The Partnership Agreement also provides that the Partnership would be automatically dissolved and terminated upon the dissolution or bankruptcy of the Debtor unless the remaining General Partner(s), or if there were no remaining General Partner(s), a majority in interest of the remaining Partners elect to continue the Partnership in accordance with § 8.02(b) of the Partnership Agreement. However, courts have held that such a provision is an invalid *ipso facto* clause under § 365(e) of the Bankruptcy Code. *In re Rittenhouse Carpet, Inc.*, 56 B.R. 131 (Bankr. E.D. Pa. 1985); *In re Fidelity America Mortgage Co.*, 10 B.R. 781 (Bankr. E.D. Pa. 1981).

LEGAL\20756503\2

Trustee to become embroiled in the partners' dispute, and no benefit to the Debtor's estate in assuming the Partnership Agreement.

11. Since the Debtor is no longer the General Partner, the Debtor's estate has no ability to direct the funds of the Partnership. It also does not seek to be restored as General Partner, and if restored, would not elect to assume the Partnership Agreement. The Movants' remedy, therefore, must be against the Partnership or the current General Partner of the Partnership, or perhaps the Insiders, but in no event is it against the Debtor's estate.

WHEREFORE, the Trustee respectfully requests that the Court enter an Order that is consistent with the Trustee's position as set forth hereinabove.

Dated: September 25, 2014

Respectfully submitted,
COZEN O'CONNOR

*/s/ Mark E. Felger*
Mark E. Felger (DE No. 3919)
Barry M. Klayman (DE No. 3676)
1201 N. Market Street, Suite 1001
Wilmington, DE 19801
Tel: 302-295-2000
Fax: 302-295-2013
E-mail: mfelger@cozen.com

*Proposed Counsel to Chapter 7 Trustee,*
*Jeoffrey L. Burtch*