IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> PURSUIT CAPITAL MANAGEMENT, LLC, <br><br> Debtor.[1] | Chapter 7 <br><br> Case No. 14-10610-PJW <br><br> **Hearing Date: TBD** <br> **Obj. Deadline: TBD** |

**MOTION OF ANTHONY SCHEPIS AND FRANCIS CANELAS, JR.
FOR ORDER PURSUANT TO BANKRUPTCY RULE 2004
<u>COMPELLING PRODUCTION OF DOCUMENTS AND INFORMATION</u>**

As the managing members of the Chapter 7 Debtor, Anthony Schepis and Francis Canelas, Jr. (together, the "Movants"), by and through their undersigned attorneys, hereby move this Court for entry of an order pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") compelling Jesse N. Silverman and Jonathan Harris (the "Respondents") to produce information and documentation regarding their representation of The Estate of Leonard Schneider (the "Motion"). In support hereof, the Movants respectfully represent as follows:

<u>**JURISDICTION**</u>

1.  The Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for relief requested herein are Bankruptcy Rule 2004 and Rule 2004-1 of the

---

[1] The last four digits of the Debtor's federal tax identification number are 8234. The Debtor's mailing address and corporate headquarters is 34 East Putnam Avenue, Suite 113 Greenwich, CT 06830.

EAST\84199107.1

Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## BACKGROUND

2. Prior to the Movants requesting certain information and documentation from the Respondents, Respondents filed two motions, the Emergency Motion and the Motion to Compel, on behalf of Claridge Associates, LLC, Jamiscott, LLC, Leslie Schneider, Lillian Schneider, and the Estate of Leonard Schneider (the "Claimants") in the above-referenced Chapter 7 Case, and appeared on behalf of the Claimants at the Section 341 Meeting conducted by the Chapter 7 Trustee, Jeoffrey L. Burtch, on April 29, 2014.

3. In both the Emergency Motion and the Motion to Compel, Respondents represented to the parties and the Court that Respondents were counsel to, among others, the Estate of Leonard Schneider (the "Estate"). Moreover, in the Motion to Compel, Respondents sought Court authority to have the complaint attached thereto as Exhibit 1 (the "Proposed Complaint") filed by the Harris, O'Brien, St. Laurent & Chaudhry Law Firm (the "Harris Law Firm") in the Supreme Court of the State of New York. The Proposed Complaint included the Estate as a named Plaintiff.

4. At a hearing on September 30, 2014, before the Supreme Court of the State of New York, however, Mr. Sakin of the Harris Law Firm advised that Court that Leonard Schneider had been deceased since April of this year and that he, Mr. Sakin and the Harris Law Firm, was not counsel to the Estate. A transcript of the September 30, 2014 hearing is attached as <u>Exhibit D</u>. Thereafter, on October 2, 2014, Mr. Harris of the Harris Law Firm advised the Court that the Firm had been authorized by the executor to represent the Estate. A copy of the

October 2, 2014 letter from Mr. Harris to the Supreme Court of the State of New York is attached as <u>Exhibit E</u>.

## **RELIEF REQUESTED**

5.  By this Motion, Movants seek entry of an order directing Respondents to produce documents within their possession, custody, or control in response to the document requests attached hereto as Exhibit A (the "Document Requests"). Movants request that the responses to the Document Requests be delivered to the attention of Gregg M. Galardi, at the offices of DLA Piper LLP (US), 1251 Avenue of the Americas, 27th Floor, New York, New York, 10020-1104, within fifteen (15) days after entry of an order granting this Motion or at such other place and time as may be mutually agreed upon by the parties.

## **BASIS FOR RELIEF**

6.  Bankruptcy Rule 2004 provides that "[o]n motion of any party in interest, the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a). The examination of an entity under Bankruptcy Rule 2004 "may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." *Id.* 2004(b).

7.  Rule 2004 is the "basic discovery device in bankruptcy cases." *In re Muy Bueno Corp.*, 257 B.R. 843, 851 n.12 (Bankr. W.D. Tex. 2001). Indeed, the scope of a Rule 2004 examination is virtually unlimited. *See In re Kipp*, 86 B.R. 490, 490 (Bankr. W.D. Tex. 1988). Many courts have even noted that a Rule 2004 examination allows "an unrestrained fishing expedition." *Id.*; *see In re Bounds*, 443 B.R. 729, 736 (Bankr. W.D. Tex. 2010).

8.  Given the broad purpose and effect of Rule 2004, courts routinely permit the examination of a third party who can be shown to have had dealings with the debtor. *See In re*

*Valley Forge Plaza Assocs.*, 109 B.R. 669, 674 (Bankr. E.D. Pa. 1990) ("Third parties having knowledge of the debtor's affairs, as well as a debtor itself, are subject to examination."); *see also In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 432 (S.D.N.Y. 1993), aff'd, 17 F.3d 600 (2d Cir. 1994). Indeed, "the investigation of an examiner in bankruptcy, unlike civil discovery under Rule 26(c), is supposed to be a 'fishing expedition,' as exploratory and groping as appears proper to the [moving party]." *In re Ionosphere Clubs*, 156 B.R. at 432; *see In re Countrywide Home Loans, Inc.*, 384 B.R. 373, 400 (Bankr. W.D. Pa. 2008); *In re Bakalis*, 199 B.R. 443, 447 (Bankr. E.D.N.Y. 1996); *In re Valley Forge Plaza Assocs.*, 109 B.R. at 674.

9. Prior to October 2, 2014, both the Chapter 7 Trustee and the Movants have had to respond to the Estate of Leonard Schneider's Motion to Compel and Emergency Motion and appear at a hearing with respect to the Motion to Compel. As a consequence, the Chapter 7 Trustee and the Movants have incurred expenses that might have otherwise not been necessary to incur. Thus, by this Motion and the attached Document Requests & Interrogatories, the Movants seek information concerning a matter that affects the administration of the Chapter 7 debtor's estate as well as counsels' obligation of candor to this Court. Therefore, the Document Requests and Interrogatories fall squarely within the permissible scope of discovery under Bankruptcy Rule 2004. The documents and interrogatories sought through the Motion are necessary to understand the nature of the relationship between the Respondents and the Estate of Leonard Schneider, including any potential claims relating thereto.

10. As set forth in the Certification (the "Galardi Certification") of Gregg M. Galardi, Esquire, of DLA Piper LLP, Counsel to Movants in this case, in accordance with Local Rule 2004-1, have attempted to confer with Respondents. Although the Respondents offered to meet and confer for Monday, October 20, 2014, it became apparent from emails among the parties that

EAST\84199107.1  4

no agreement would be reached regarding the production of documents or answers to the interrogatories. Accordingly, this Motion was filed upon the passage of time provided to Respondents to produce relatively few documents and answer five (5) straightforward interrogatories. A copy of the Galardi Certification is attached hereto as <u>Exhibit C</u>.

11. Based on the foregoing, the production of documents by the Respondents is not only authorized by Bankruptcy Rule 2004, but is in the best interests of its estate and creditors. Accordingly, the Movants submit that this Motion is proper and the relief requested herein should be granted.

WHEREFORE, for the reasons discussed herein, the Movants respectfully request entry of an order, substantially in the form attached hereto as <u>Exhibit B</u>, (i) directing Respondents to produce all documents within their possession, custody, or control that are responsive to the Document Requests & Interrogatories attached hereto as <u>Exhibit A</u>; and (ii) granting the Movants such other and further relief as this Court deems just and proper.

Dated: October 17, 2014
      Wilmington, Delaware

/s/ Stuart M. Brown
Stuart M. Brown (DE 4050)
1201 N. Market Street, Suite 2100
Wilmington, DE 19801
Telephone: (302) 468-5700
Facsimile: (302) 394-2341
Email: Stuart.Brown@dlapiper.com

-and-

Gregg M. Galardi
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 335-4500
Facsimile: (212) 335-4501

*Attorneys for the Movants*