UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : |
| PURSUIT CAPITAL MANAGEMENT, LLC, | : Chapter 7 |
| Debtor. | : Case No. 14-10610 (LSS) |
| | : Hearing Date: March 26, 2015 at 2:00 p.m. |
| | : Objection Deadline: March 19, 2015 at 4:00 p.m. |

## TRUSTEE'S MOTION FOR AN ORDER APPROVING AGREEMENT TO SETTLE, TRANSFER AND ASSIGN CERTAIN CLAIMS, RIGHTS AND INTERESTS

Jeoffrey L. Burtch, as Chapter 7 Trustee for the estate of Pursuit Capital Management, LLC (the "Trustee" for the "Estate" of the "Debtor"), moves for the entry of an order, substantially in the form annexed hereto as Exhibit "A" approving an agreement by, between and among the Trustee and Alpha Beta Capital Partners, L.P. ("Alpha Beta"), Claridge Associates, LLC ("Claridge"), Jamiscott LLC ("Jamiscott"), Leslie Schneider, and Lillian and Leonard Schneider (the "Schneiders") (collectively, Alpha Beta, Claridge, Jamiscott and the Schneiders are the "Creditors") (the "Trustee" and the "Creditors" are the "Parties"), to settle, transfer and assign certain claims, rights, and interests. In support of this Motion, the Trustee respectfully states as follows:

### Jurisdiction

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue of this case and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 105(a) and 363, as well as Rules 2002, 6004 and 9019 of the Federal Rules of Bankruptcy Procedure.

LEGAL\22166099\1

## Background

3. On April 7, 2014 (the "Petition Date") the Debtor commenced this case by filing a voluntary petition under Chapter 7 of the Bankruptcy Code.

4. As of the Petition Date, various litigation and arbitrations were pending between and among one or more of the Creditors on the one hand and one or more of the Debtor, certain entities related to the Debtor and the individual members of the Debtor (the "Insiders"). A judgment was entered in favor of the Schneiders and against the Debtor, prompting the Debtor to commence this case. There are no creditors in this case other than those identified in this paragraph.

5. On or about the Petition Date, the Trustee was appointed to serve as the trustee for the Estate of the Debtor, and since the time the 341 meeting was held and concluded on April 29, 2014, the Trustee has been serving as the permanent trustee in this case.

6. On the Petition Date, the Debtor filed its Chapter 7 Bankruptcy Schedules and the Statement of Financial Affairs.

7. The only assets listed on the Debtor's Bankruptcy Schedule B are (i) claims asserted in *Pursuit Investment Management, LLC, et al. v. Alpha Beta Capital Partners, L.P., et al.*; Index No. 652457/2013 (Supreme Court of the State of New York) (the "New York Action"); and (ii) potential indemnification claims against Pursuit Capital Management Fund I, L.P. (the "Indemnification Claims"). These two assets are listed as having an "unknown" value.

8. While no other assets are listed in the Bankruptcy Schedules, a footnote in the Statement of Financial Affairs reveals that gross income for calendar year 2011 in the amount of $645,571.22 was disbursed to the Debtor's members "in the ordinary course of business on 1/16/13" (the "Potential Avoidance Claim").

9. According to the Creditors, the Debtor may have additional rights, claims and causes of action, (including without limitation actions to recover fraudulent conveyances or other transfers made without value or for less than fair value), against the owners, managers, insiders, affiliates, members, successors, transferees, and assignees of the Debtor, including, without limitation, Northeast Capital Management, LLC, Pursuit Partners, LLC, Pursuit Investment Management, LLC, Anthony Schepis, Frank Canelas and Ruth Canelas (such rights, claims and causes of action, together with the Potential Avoidance Claim, are the "Debtor Claims").

10. During the 341 meeting of creditors, the Debtor's representative testified that the Debtor owned no assets other than those disclosed in the Bankruptcy Schedules.

11. During discussions with counsel for the Creditors, the Creditors stated that there is pending litigation in which various "Pursuit" entities have asserted claims against UBS. The Creditors believe that the Debtor has an interest in this litigation, captioned *Pursuit Partners, LLC v. UBS AG*, D.N.X08 CV 4013452 S (Conn. Super. Ct.) (the "UBS Claim"). The Debtor's representative has disputed this contention and stated unequivocally that the Debtor has no interest in the pending litigation against UBS.

12. The Estate currently has no funds with which to administer the Estate, let alone pursue the claims and litigation referenced hereinabove.

13. The Creditors, the Harris Firm, and Reed Smith have made an offer (i) to settle the New York Action, and (ii) for the Creditors to take an assignment of all rights and interests of the Estate, if any, in the Debtor Claims, the Indemnification Claims, and the UBS Claim.

14. The Creditors are the only non-insider creditors[1] listed in Bankruptcy Schedules D, E or F.

---

[1] The only other "creditors" listed in Bankruptcy Schedule F are Messrs. Schepis and Canelas, the members of the Debtor, and the recipients of the funds giving rise to the Potential Avoidance Claim. They are listed as holding contingent, unliquidated indemnification claims.

15. After arm's length negotiations, the Parties have reached an agreement to settle, transfer and assign certain claims on the terms and conditions set forth in the Agreement to Settle, Transfer and Assign Certain Claims, Rights and Interests (the "<u>Agreement</u>"), a copy of which is annexed hereto as Exhibit "<u>B</u>" and incorporated herein by reference.

### Relief Requested

16. By this Motion, the Trustee seeks the entry of an order pursuant to 11 U.S.C. §§ 105 and 363(b), (f), and (m), as well as Federal Rules of Bankruptcy Procedure 6004 and 9019, (a) authorizing the Trustee to settle, transfer and assign certain claim, rights and interests free and clear of all liens, claims, interests, and encumbrances; and (b) approving the terms of the Agreement.

17. The Agreement generally provides as follows:

(i) In exchange for a payment by the Creditors to the Trustee in the amount of one hundred twenty five thousand dollars ($125,000.00) (the "<u>Settlement Payment</u>"), the Trustee, on behalf of the Estate shall sell, transfer and convey to the Creditors, free and clear of all liens, claims and interests, all of the right, title and interest of the Debtor and the Estate in and to (i) the Debtor Claims, (ii) the Indemnification Claims, (iii) the UBS Claim, and (iv) all books and records of the Debtor, in whatever format and wherever located (except such books and records that are protected by any applicable privilege). The Trustee may retain originals or copies of said books and records to the extent he determines they are necessary to complete the administration of the Estate. The Settlement Payment shall be paid to the Trustee within twenty (20) days after Court approval of this Agreement;

(ii) The Creditors shall be permitted to bring the Debtor Claims in the Bankruptcy Court, and are deemed to have standing to bring such claims in the Bankruptcy Court. The Creditors shall bear all of their own costs and expenses associated with doing so. Further, the Creditors shall (i) support the closing of this bankruptcy case notwithstanding the pendency of any adversary proceeding(s) with respect to the Debtor Claims, provided such closing does not prejudice the Creditors or result in dismissal of any then-pending adversary proceedings and (ii) agree to pay the Trustee, out of any recovery or settlement of the Debtor Claims all fees and costs reasonably incurred by the Estate and approved by the Court relating directly or indirectly to the pursuit of the Debtor Claims in the

Bankruptcy Court. Notwithstanding the foregoing, the Trustee shall not move to close the chapter 7 case prior to April 7, 2016;

(iii) Also, upon receipt of the Settlement Payment in good funds, the New York Action shall be deemed settled and dismissed with prejudice with respect to the Debtor. The Trustee shall execute a reasonable form of stipulation or notice that the Creditors, the Harris Firm, and Reed Smith will prepare and file in the Breach of Contract Claim litigation marking the Debtor's claims in the Breach of Contract Claim settled and dismissed with prejudice. This Agreement shall include a release of (a) all claims brought by the Debtor in the New York Action, including without limitation, all claims that have been or could be compelled to arbitration and (b) all claims that could have been brought by the Debtor in the New York Action; and

(iv) The assignments, sales, transfers and conveyances hereunder are on an "as is where is" basis, and the Trustee makes no representation or warranty of any kind with respect to the Debtor Claims, the Indemnification Claims, the UBS Claim, or the existence or quality of any books and records.

18. Upon approval and consummation of this Agreement, all of the Estate's assets will have been settled or assigned to the Creditors. The Trustee expects to be in a position to close this case in a reasonably prompt fashion after approval and consummation of this Agreement.

### Authority for Requested Relief

19. Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). To approve use, sale or lease, other than in the ordinary course of business, the Court must find "some articulated business justification." *See In re Martin (Myers v. Martin)*, 91 F.3d 389, 395 (3d Cir. 1996) and *In re Abbotts Dairies of Pa. Inc.*, 788 F. 2d 143 (3d Cir. 1986 ) (requiring good faith purchasing). Moreover, Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

20. Courts have held that transactions should be approved under Section 363(b) of the Bankruptcy Code when they are supported by the sound business judgment of the debtor or trustee, as the case may be. *See In re Martin*, 91 F.3d 389, 395 (3d Cir. 1986); *In re Del. & Hudson Ry. Co.*, 124 B.R. 169, 176 (Bankr. D.Del. 1991) (holding that transactions should be approved under Section 363(b)(1) when: (a) they are supported by the sound business judgment of a debtor's management; (b) interested parties are provided with adequate and reasonable notice; (c) the sale price is fair and reasonable; and (d) the purchaser is acting in good faith); *In re Phoenix Steel Corp.*, 82 B.R. 334, 335 (Bankr. D.Del. 1987) (stating that the elements necessary for approval of a section 363 sale in a chapter 11 case are "that the proposed sale is fair and equitable, that there is a good business reason for completing the sale and the transaction is in good faith.").

21. Whether or not there are sufficient business reasons to justify a sale depends upon the facts and circumstances of each case. *See Lionel*, 722 F.2d at 1071. Bankruptcy courts are given substantial discretion in deciding whether to authorize a sale of a debtor's assets outside of the ordinary course of business. *See In re Chateaugay Corp.*, 973 F.2d 141, 144 (2d Cir. 1992).

22. Section 363(f) of the Bankruptcy Code permits the Trustee to sell assets free and clear of all interests which may be asserted against such assets, which any such interests attaching to the net proceeds of the sale, subject to the rights and defenses of the Debtor with respect thereto. As Section 363(f) of the Bankruptcy Code is stated in the disjunctive, when proceeding pursuant to Section 363(b), it is only necessary to meet one of the five conditions of Section 363(f). To the extent that there are interests that may be asserted in the assets, the Trustee believes that one or more of the aforementioned conditions have been or can be satisfied.

23. Further, Section 704(a) of the Bankruptcy Code, titled "Duties of trustee" lists as the first express duty of a trustee that he "shall collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest."

24. In the Trustee's business judgment, the Settlement Payment represents a fair and reasonable price for the claims, rights and interests being settled, assigned or transferred. The benefit of receiving immediate payment for assets upon which the Debtor has placed an "unknown" value outweighs the potential benefits of retaining such assets, which would require pursuing acrimonious and lengthy litigation at considerable risk and without funding. Moreover, the only non-insider creditors of the Estate are the Creditors, who will be able to pursue these assets and enjoy any recovery from their efforts after the Agreement is approved. Lastly, the sale will enable the Trustee to pay administrative expense claims incurred by the Estate and proceed to close this case in a reasonably prompt fashion after approval and consummation of the Agreement.

25. Based on the foregoing, the Trustee submits that the sale of the assets is a prudent exercise of his business judgment under the circumstances and is in the best interests of the Debtor's estate and its creditors.

26. In addition to the sale of the Debtor Claims and Indemnification Claims, the Agreement includes a settlement of all claims in the New York Action held by the Estate that could have been asserted in the New York Action against the Creditors, Reed Smith and the Harris Firm.

27. The Debtor listed the claims of the Debtor in the New York Action as having an "unknown" value. The Trustee, through his undersigned counsel, has discussed the New York Action with counsel for the other plaintiffs in the New York Action. The Trustee has also

solicited an offer from the Insiders to purchase the claims against the Creditors, Reed Smith and the Harris Firm. Based upon these discussions, and a proposal that was submitted by the Insiders, buttressed by the fact that the only non-insider creditors of the Estate are the Parties to the Agreement, the Trustee believes that the settlement of the New York Action is fair and reasonable and approval of the settlement as part and parcel of the Agreement is in the best interest of the Estate.

28. Pursuant to Bankruptcy Rule 9019(a), the authority to approve a settlement is within the sound discretion of the bankruptcy court. In exercising this discretion, the bankruptcy court must determine whether the compromise is fair, reasonable, and in the best interest of the estate. *Key3Media Group, Inc v. Pulver.com, Inc. (In re Key3Media Group, Inc.)*, 336 B.R. 87, 92 (Bankr. D. Del. 2005) (citations omitted), *aff'd*, 2006 WL 2842462 (D. Del. Oct. 2, 2006); *see also In re Marvel Entm't Group, Inc.*, 222 B.R. 243, 249 (D. Del. 1998); *In re Louise's Inc.*, 211 B.R. 798, 801 (D. Del. 1997); *In re Texaco*, 84 B.R. 893, 901-02 (Bankr. S.D.N.Y. 1988); *Depo v. Chase Lincoln First Bank, N.A. (In re Depo)*, 77 B.R. 381, 383 (N.D.N.Y. 1987), *aff'd*, 863 F.2d 45 (2d Cir. 1988).[2]

29. To approve a settlement under Bankruptcy Rule 9019(a), the Court need only determine that the proposed settlement does not fall below the lowest point in the range of reasonableness. *In re Pa. Truck Lines, Inc.*, 150 B.R. 595, 598 (E.D. Pa. 1992); *aff'd*, 8 F.3d 812 (3d Cir. 1993); *In re Coram Healthcare Corp.*, 315 DR. 321, 330 (Bankr. D. Del. 2004); *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983) (quoting *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972); *see also Am. Reserve Corp.*, 841 F.2d at 161; *Teltronics Servs.*, 762 F.2d at 187-89. In addition, if the Court determines that the settlement is in the best interests

---

[2] *See also In re Energy Coop., Inc.*, 886 F.2d 921, 927 (7th Cir. 1989); *LaSalle Nat'l Bank v. Holland (In re Am. Reserve Corp.)*, 841 F.2d 159, 161 (7th Cir. 1987) (a court is not required to resolve the issues of fact and law compromised by a proposed settlement); *Anaconda-Ericsson, Inc. v. Hessen (In re Teltronics Servs., Inc.)*, 762 F.2d 185, 187-89 (2d Cir. 1985).

of the estate, it may approve the settlement. *See, e.g., Marvel*, 222 B.R. at 250. A court need not find, however, that the settlement is the best possible agreement or that the parties have maximized their recovery. *See, e.g., Nellis v. Shugrue*, 165 B.R. 115, 123 (S.D.N.Y. 1994) (stating that the task of a bankruptcy judge is not to determine whether settlement was the best that could be obtained); *Coram Healthcare*, 315 B.R. at 330 ("[T]he court does not have to be convinced that the settlement is the best possible compromise"). Rather, courts generally afford great deference to the recommendations of the estate's representative when considering negotiated settlement agreements. *See, e.g., Official Comm. of Unsecured Creditors v. James Talcott, Inc. (In re Int'l Distribution Ctrs., Inc.)*, 103 B.R. 420, 423 (S.D.N.Y. 1989).

30. In determining whether a settlement is within the range of reasonableness, the Court should consider four principal factors:

    (1)    the probability of success in the litigation;

    (2)    difficulties to be encountered in collection;

    (3)    the complexity of the litigation and related expense, inconvenience, and delay; and

    (4)    the interests of the creditors.

*Fry's Metals, Inc. v. Gibbons (In re RFE Indus., Inc)*, 283 F.3d 159, 165 (3d Cir. 2002); *In re Etoys, Inc.*, 331 B.R. 176, 198 (Bankr. D. Del. 2005); *Coram Healthcare*, 315 B.R. at 330-31; *Marvel*, 222 B.R. at 249; see also *Aetna Cas. & Sur. Co. v. Jasmine, Ltd. (In re Jasmine, Ltd.)*, 258 B.R. 119, 123 (D.N.J. 2000); see also *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544 (11th Cir. 1990); see also *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *Martin v. Kane (In re A&C Props)*, 784 F.2d 1377, 1381 (9th Cir. 1986). These factors seek to balance the probable benefit and potential cost of pursuing a claim or defense against the costs of the proposed settlement.

For the reasons set forth herein, the Trustee respectfully submits that the settlement included in the Agreement provides significant benefit to this Estate and, in light of the aforementioned factors, should be approved.

### Solicitation of Additional Offers

31. As an additional test of the fairness of the proposed Agreement, the Trustee will consider additional proposals for the assets on similar terms to the Agreement through the date by which objections are due to this Motion. If an additional proposal is received by the Trustee in writing on or before the objection deadline that is higher than the Settlement Payment, the Trustee will request that all bidders submit their last, best and final written proposals by sealed bid no later than the date that is three business days before the hearing date for this Motion.

32. If an additional proposal is received by the Trustee, then he will promptly advise the bidders of his decision as to which proposal is higher and/or better, and request approval of the higher and/or better proposal at the hearing.

### Notice

33. Notice of this Motion has been given to the Debtor, the Office of the United States Trustee, counsel for the Insiders, all creditors, and all parties requesting notice pursuant to Fed. R. Bankr. P. 2002. The Trustee believes that such notice is adequate under the circumstances and that no other or further notice is necessary.

WHEREFORE, the Trustee respectfully requests that the Court enter the Order, substantially in the form attached hereto as Exhibit "A" granting the relief requested herein, and grant such other and further relief as the Court deems just and proper.

Dated: March 2, 2015

Respectfully submitted,
COZEN O'CONNOR

_____
Mark E. Felger (DE No. 3919)
1201 N. Market Street, Suite 1001
Wilmington, DE 19801
302-295-2000 Telephone
302-295-2013 Fax
mfelger@cozen.com

*Counsel to Chapter 7 Trustee, Jeoffrey L. Burtch*