```
                    UNITED STATES BANKRUPTCY COURT
                         DISTRICT OF DELAWARE

                                     .   Chapter 7
IN RE:                               .
                                     .   Case No. 14-10610 (LSS)
PURSUIT CAPITAL MANAGEMENT, LLC,     .
                                     .   Courtroom No. 2
                                     .   824 Market Street
                        Debtor.      .   Wilmington, Delaware 19801
                                     .
. . . . . . . . . . . . . . . . . . .   Thursday, May 5, 2015
CLAIRIDGE ASSOCIATES, LLC            .
                                     .   Adv. Proc. 16-50083
            vs.                      .
                                     .
ANTHONY SCHEPIS                      .
. . . . . . . . . . . . . . . . . . .
```

               TRANSCRIPT OF CONFERENCE
      BEFORE THE HONORABLE LAURIE SELBER SILVERSTEIN
            UNITED STATES BANKRUPTCY JUDGE


APPEARANCES:

For the Plaintiff:          Jesse Silverman, Esq.
                            DILWORTH PAXSON, LLP
                            1500 Market Street, Suite 3500E
                            Philadelphia, Pennsylvania 19102

                            Edwin G. Schallert, Esq.
                            Wendy B. Reilly, Esq.
                            DEBEVOISE & PLIMPTON, LLP
                            919 Third Avenue
                            New York, New York 10022

(Appearances Continued)

Audio Operator:             Electronically Recorded
                            by Michael Miller, ECRO

Transcription Company:      Reliable
                            1007 N. Orange Street
                            Wilmington, Delaware 19801
                            (302)654-8080
                            Email:  gmatthews@reliable-co.com

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

APPEARANCES:   (Continued)

For the Defendant:          Daniel L. Brogan, Esq.
                            DLA PIPER, LLP (US)
                            1201 North Market Street
                            Suite 2100
                            Wilmington, Delaware 19801

APPEARANCES VIA TELEPHONE:

For the Defendant:          Evan Bolla, Esq.
                            HARRIS, ST. LAURENT & CHAUDRY, LLP

1       (Proceedings commence at 10:35 a.m.)

2       (Call to order of the Court)

3             THE COURT:  Please be seated.  Good morning.

4             MR. SILVERMAN:  Good morning, Your Honor.  Jesse

5   Silverman for the plaintiffs --

6             THE COURT:  Yes.

7             MR. SILVERMAN:  -- in today's adversary proceeding.

8   With me today are Mr. Edwin Schallert and Wendy Reilly from

9   Debevoise & Plimpton.

10            THE COURT:  Good morning.

11            MR. SCHALLERT:  Good morning, Your Honor.

12            MR. SILVERMAN:  Also on the phone this morning is Mr.

13  Evan Bolla from the Harris St. Laurent & Chaudhry firm.  And

14  we've submitted a pro hac application for Mr. Bolla.

15            THE COURT:  Very well.

16            MR. SILVERMAN:  And if -- I'm going to turn the podium

17  over to Mr. Schallert.

18            THE COURT:  Thank you.

19            Mr. Schallert?

20            MR. SCHALLERT:  Thank you, Your Honor.  Well, as Your

21  Honor has undoubtedly seen, plaintiffs have proposed a

22  discovery schedule.  And there are a number of ancillary

23  matters that the parties readily agreed upon.

24            But with regard to discovery, the defendants take the

25  position because they've made a motion to dismiss, there should

1    be no discovery whatsoever.  Our view is at the very least

2    there should be document discovery allowed to go forward.  And

3    there are a couple reasons for that, Your Honor.

4            The first is that the grounds put forward in the

5    motion which will be briefed and argued in due course, for

6    example that they've appealed the order allowing us to bring

7    these claims.  Well, of course, that order is in effect.  And

8    it's on appeal.  But it hasn't been stayed, nor have the

9    defendants moved for a stay of that which would require a show

10   of probability of success on the merits.  So we don't think

11   those are valid reasons for stopping all discovery.

12           With regard to documents, what we do think is

13   important is that (a) the allegations here involve a number of

14   fraudulent transfers and other conveyances that we believe were

15   improper, and the passage of time without getting hold of

16   critical documents could be quite prejudicial to the debtor.

17           And I would add to that additional context is provided

18   by the fact that the plaintiffs in this case have been seeking

19   these records since 2012.  An arbitrator had ruled that the

20   debtor's books and records had to be produced.  A full set of

21   those records have never been produced notwithstanding the

22   arbitrator's order.  And I don't believe the trustee ever got a

23   full set of the debtor's books and records.

24           So the very fact that there's been this passage of

25   time without those records, in our view, puts a premium on

1  seeing if we can at least get hold of those records and, for

2  example, as a purported successor general partner, the

3  Northeast entity, that apparently they just transferred

4  everything over to that new entity.  We think getting those

5  books and records so that we can start parsing through those to

6  identify what we believe are where the money came from and

7  where it went, which would be crucial to this proceed.  And we

8  think that it could be prejudice if that part of discovery, at

9  least, does not go forward.

10          We're not suggesting taking any depositions at this

11  point or some of the other forms of discovery, experts and the

12  like.  But at least with regard to that core amount of

13  discovery, we think that should go forward.

14          Thank you.

15          THE COURT:  Thank you.

16          MR. BROGAN:  Good morning, Dan Brogan from DLA Piper

17  on behalf of the defendants.

18          I don't -- I understand their concerns about some of

19  the discovery disputes that are in some of the other matters

20  that are pending in this in other courts.  But I don't think

21  that that's what's before the Court today.

22          Our position is simply that we filed a motion to

23  dismiss on Friday.  That motion to dismiss is primarily based

24  on standing and jurisdiction, as well as the idea that this

25  perhaps should be in arbitration and not before this Court.

1         So while we understand that they have concerns about
2    discovery in other matters, this is not what we're trying to
3    decide today.  And there's no discovery before this Court right
4    now.  And we don't think that it's necessary to let the horses
5    out of the barn on discovery in this case until we decide
6    whether it should even be before this Court.
7         THE COURT:  Who has the debtor's books and records?
8         MR. BROGAN:  I believe the debtor has the debtor's
9    books and records.
10        THE COURT:  Were they not turned over to the trustee?
11        MR. BROGAN:  I believe some were.  I'm not sure of the
12   exact position of that.  I'm sorry, Your Honor.
13        THE COURT:  Mr. Felger?
14        MR. FELGER:  Your Honor, I can address that, too.
15        THE COURT:  Sure.  Thank you.
16        MR. FELGER:  For the record, Mark Felger of Cozen
17   O'Connor on behalf of the trustee.
18        The -- a small amount of records were turned over.  I
19   had a dialogue with Mr. Gilardi way back when the case
20   commenced about turning over documents.  And the reply was that
21   it was difficult for Mr. Gilardi to comply with that request of
22   the interrelationship among all of the entities.  And the
23   response I got was that they were going to consider the request
24   and try to determine which records were the debtor's records
25   versus which records were the other related entities' records.

1               We also asked for tax returns and I was referred to

2    the tax accountant for the debtor.  We sent at least three

3    letters to the tax accountant, none of which was responded to.

4    So we never got the tax records we asked for.

5               And to date, we -- it's our understanding we never got

6    all of the debtor's books and records.

7               THE COURT:  Thank you.

8               MR. FELGER:  Thank you.

9               MR. BROGAN:  Does Your Honor have any further

10   questions for me?

11              THE COURT:  No.  I mean, normally, I -- and I think

12   our rules say that a motion to dismiss does not mean that

13   there's no discovery.  On the other hand, I do have -- this

14   particular motion to dismiss implicates whether the case should

15   be in front of me or whether there is -- it should go to

16   arbitration.

17              So in those circumstances, Mr. Schallert, I will --

18   why shouldn't -- because of the issues that have been raised,

19   why shouldn't we at least figure out where the case is going to

20   be before we start into discovery?

21              MR. SCHALLERT:  Well, the arbitration is a perfect

22   example, Your Honor.  There are, as you know, several

23   defendants in this case.  Several of those defendants are not

24   parties to the limited partnership agreement that has the

25   arbitration clause.  So by definition, Your Honor, as Your

1    Honor knows, arbitration is a creature of contract.

2            There's no way that that motion, even if you credit --

3    and we will dispute it even as to the ones that are parties and

4    explain why the arbitration clause doesn't apply.  But it

5    doesn't even apply to a number of the parties because they're

6    not a party to an arbitration clause.

7            And again, I don't want to prejudge the merits.  That

8    motion will be briefed and argued.  But that alone, as with the

9    fact that there's a motion that's on appeal, those are not --

10   and the fact they're making a motion, those are not typically

11   grounds for shutting off all discovery.  And that's precisely

12   why, Your Honor, we try and present something Solomonic in the

13   sense of not full-blown discovery, but, rather, with these

14   records.

15           And to add to the trustee's concerns, as I mentioned,

16   there was an arbitrator's order that repeatedly told them to

17   turn over these records.  They've never been turned over and

18   that's a matter of concern to me.  Any further lapse of time

19   without being able to get some of the core records here both

20   from the debtor as well as from the purported successor entity.

21           So that's why we think balancing the various competing

22   concerns here, we think it makes sense to let some discovery go

23   forward.

24           THE COURT:  Well, I think it's important that we make

25   certain that the debtor's documents are preserved and

1  available.  I'm not as concerned that they were -- that

2  documents were requested by another party in another case.

3  That's a different issue.

4          But in this case here, the Claridge parties are

5  bringing claims on behalf of the estate.  And these are the

6  debtor's documents that I am concerned about at this point.

7          And I'm going to permit discovery to the extent it's

8  discovery and it's really not turnover, I'm going to permit

9  that to go forward.  And I expect that whoever has the debtor's

10 documents will turn them over or provide copies.  If somebody

11 needs to keep a set, that's fine.  But I expect all of the

12 debtor's documents in whose ever hands they are to be turned

13 over.  And I will let discovery go forward to that extent.

14         And then we'll deal with the motion to dismiss because

15 -- and I'll tell you right now.  I'm not moved by the appellate

16 argument.  That order has not been stayed.  But you're free to

17 pursue that.

18         Whether this should be arbitration, whether certain

19 defendants are properly before this Court I think should be

20 decided before we get into full-blown discovery.

21         So that's my -- that's my ruling for today.  If we get

22 into disputes with respect to the debtor's documents being

23 turned over in whose ever hands they are, you can come back to

24 me.  But I am hoping that that is not going to be a problem.

25         And I know these parties have been involved in

1  significant other litigation.  And I also know that the parties
2  were informed by Judge -- I forgot her last name.  Is it
3  Failla?
4           UNIDENTIFIED:  Failla.
5           THE COURT:  Failla.  That we were going to have a
6  discussion, and we did.  And I understand the way that the
7  litigation has proceeded in front of her Court.  I recall the
8  way the litigation has proceeded in front of me.  And I expect
9  for cooperation between the parties.
10          Are there any questions?
11      (No verbal response)
12          THE COURT:  Thank you.  Stand in recess.
13      (Proceedings concluded at 10:46 a.m.)
14                            *****

```
1                          CERTIFICATION
2          I certify that the foregoing is a correct transcript
3    from the electronic sound recording of the proceedings in the
4    above-entitled matter to the best of my knowledge and ability.
5
6
7
8    /s/ Cathryn Renzoni                    May 6, 2016
9    Cathryn Renzoni
10   Certified Court Transcriptionist
11   For Reliable
```