```
                   UNITED STATES BANKRUPTCY COURT
                        DISTRICT OF DELAWARE

                                    .  Chapter 7
IN RE:                              .
                                    .  Case No. 14-10610 (LSS)
PURSUIT CAPITAL MANAGEMENT, LLC,    .
                                    .  Courtroom No. 2
                                    .  824 Market Street
              Debtor.               .  Wilmington, Delaware 19801
                                    .
. . . . . . . . . . . . . . . . . . .  Thursday, August 11, 2016
CLAIRIDGE ASSOCIATES, LLC, et al,   .
                                    .  Adv. Proc. 16-50083
          vs.                       .
                                    .
ANTHONY SCHEPIS, et al.             .
. . . . . . . . . . . . . . . . . . .
```

TRANSCRIPT OF PLAINTIFFS' MOTION TO COMPEL
PRODUCTION OF DEBTOR'S BOOKS AND RECORDS
BEFORE THE HONORABLE LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

For the Plaintiffs:         Jesse Silverman, Esq.
                            DILWORTH PAXSON, LLP
                            1500 Market Street, Suite 3500E
                            Philadelphia, Pennsylvania 19102

                            Wendy B. Reilly, Esq.
                            DEBEVOISE & PLIMPTON, LLP
                            919 Third Avenue
                            New York, New York 10022

(Appearances Continued)

Audio Operator:             Electronically Recorded
                            by Michael Miller, ECRO

Transcription Company:      Reliable
                            1007 N. Orange Street
                            Wilmington, Delaware 19801
                            (302)654-8080
                            Email: gmatthews@reliable-co.com

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

```
APPEARANCES:  (Continued)

For the Defendant:         R. Craig Martin, Esq.
                           Daniel L. Brogan, Esq.
                           DLA PIPER, LLP (US)
                           1201 North Market Street
                           Suite 2100
                           Wilmington, Delaware 19801

Chapter 7 Trustee:         Mark E. Felger, Esq.
                           COZEN O'CONNOR
                           1201 North Market Street
                           Suite 1001
                           Wilmington, Delaware 19801
```

INDEX

|  | Page |
|---|---|
| ARGUMENT BY MS. REILLY | 4 |
| ARGUMENT BY MR. MARTIN | 6 |
| COURT DECISION | 13 |

1       (Proceedings commence at 3:01 p.m.)

2       (Call to order of the Court)

3               THE COURT:  Please be seated.  Counsel.

4               MR. SILVERMAN:  Good afternoon, Your Honor.  May it

5   please the Court, Jesse Silverman here for the plaintiffs in

6   this matter.  We've submitted an agenda; the only item on that

7   agenda is the motion to compel of the plaintiffs'.

8               THE COURT:  Yes.

9               MR. SILVERMAN:  And a response has been filed.

10              With me today is Wendy Reilly of the Debevoise firm,

11  and if I may, I'd like to turn the podium over to her.

12              THE COURT:  Yes.  Ms. Reilly.

13              MS. REILLY:  Thank you.  Good afternoon, Your Honor.

14              At the initial scheduling conference on May 5th, when

15  we were last here today, Your Honor ruled that plaintiffs were

16  entitled to proceed with limited discovery of the debtor's

17  books and records.  You stated, quote:

18              "I expect all of the debtor's documents, in whosever

19  hands they are, to be turned over, and I will let discovery go

20  forward to that extent."

21              On May 23rd, the Court entered an order memorializing

22  that ruling.  It is now more than three months later, and

23  defendants have not produced a single piece of paper to us.

24  They have also taken the unjustifiable position that they would

25  not give us anything other than documents that had already been

1    turned over to the trustee; and then, after confirming that

2    they had the documents that had been previously produced to the

3    trustee, and that those documents amounted to only 20 pages,

4    they reneged on their agreement to give us even those 20 pages.

5              Though we, ourselves, have not seen the 20 pages, we

6    already know, from the trustee's counsel, that they do not

7    remotely constitute a complete set of the debtor's books and

8    records.  Again, on May 5th, Mr. Felger spoke to the Court in

9    response to the Court's questions, and explained that the

10   trustee was never provided with a complete set of the debtor's

11   books and records, despite multiple requests, and gave an

12   example of tax returns, which had been requested multiple times

13   and never provided.

14             In addition, Your Honor, the defendants' August 8th

15   objection heightens a concern that we alluded to at the May 5th

16   hearing.  On Page 4 of their objection, defendants suggest that

17   there may have been no duty to retain the debtor's books and

18   records.  This statement, combined with their refusal to

19   produce any documents raises a serious concern that some of the

20   debtor's books and records may have been destroyed.

21             When we all appeared before the Court on May 5th,

22   defendants never said that they were not going to produce any

23   documents, or that they would only produce documents that had

24   previously been provided to the trustee.  Indeed, defendant

25   subsequently insisted that we prepare formal discovery

1    responses, which we did.  This wasted time, and forced us to

2    incur unnecessary costs because, apparently, they had no

3    intention of producing any documents, even the meager 20 pages

4    already provided to the trustee.

5         Defendants include the principals who owned, managed,

6    and ran the debtor.  They surely have knowledge and control

7    over the relevant documents.  They are withholding production

8    of the debtor's books and records in direct violation of Your

9    Honor's ruling on May 5th, and the court order of May 23rd.  We

10   ask that the Court order the defendants to produce a complete

11   set of the debtor's books and records within ten business days.

12        And in addition, if what we receive continues to be

13   inadequate, we expect to seek this Court's permission to take

14   depositions of the debtor's principals to find out more about

15   the books and records.  Thank you, Your Honor.

16             THE COURT:  Thank you.

17             Mr. Martin.

18             MR. MARTIN:  Good afternoon, Your Honor.  Craig Martin

19   on behalf of the defendants.

20             I think where I want to start is, you know, the issues

21   that are in play today.  As I see them, they consist of really

22   two things, and then some policy concerns.  The two things are:

23   What are the books and records, and can the third-party

24   plaintiffs collect them on behalf of the trustee?

25             With respect to what are the books and records, in

1    Paragraph 10 of the motion to compel, the plaintiffs cite a
2    Third Circuit case that deals with discharge, in which they
3    contend that it's the written evidence made or preserved from
4    which the financial condition of the debtor and its business
5    transactions, for a reasonable period of time in the past, may
6    be ascertained.
7           In our brief, we articulate that we perceive that that
8    is not a static set of material; it varies from case to case,
9    and that the trustee, using his or her discretion, under
10   Chapter 7 of the Bankruptcy Code, has the power to collect
11   books and records --
12          THE COURT:  Why are we talking about this?  This is a
13   discovery motion.  The debtors -- not the debtors.  The
14   plaintiffs set out a document request.  It actually -- it does
15   talk about books and records, but then it lists categories of
16   documents that they want produced in this litigation.
17          MR. MARTIN:  Yes.
18          THE COURT:  So why are we talking about what the
19   trustee can do.  This is not a -- this is not a turnover
20   request, this is not a books and records request by a trustee.
21   This is a discovery request that certain documents be produced.
22          MR. MARTIN:  Well, Your Honor, the reason I'm talking
23   about it is because, as I perceive both the request and what
24   they're asking Your Honor to order, is to turn over a file copy
25   of the books and records.

1                THE COURT:  I think they're asking you to turn over --
2    I think they're asking you for production in discovery of these
3    documents.
4                MR. MARTIN:  Okay.  Well, I -- you know, my view is
5    that what they are seeking is to use the power the trustee to
6    collect the books and records.
7                THE COURT:  I don't view it that way.  We're in
8    litigation, there is a complaint.  It's been filed.  There's a
9    motion to dismiss, it's under advisement.  The plaintiffs asked
10   -- I don't remember if the plaintiff asked, or the defendants
11   came in and said stop discovery.  I forget the posture.
12               MR. MARTIN:  We asked for there not to be discovery --
13               THE COURT:  Okay.
14               MR. MARTIN:  -- because of our pending motion to
15   dismiss.
16               THE COURT:  And normally, I would not grant that at
17   all.  But in this case -- and it could have been because the
18   plaintiffs didn't really insist on everything going forward --
19   I said that there would -- I entered an order that says --
20   well, that actually defendants sent over, and I modified that
21   said:
22               "Plaintiffs may take document discovery with respect
23   to the debtor's books and records," and I added in, "for any
24   and all purposes, including," and then it continues with the
25   defendant's language, "in order to identify the location of

1  those books and records and permit their production."

2  So I've got a discovery dispute in an action -- and I

3  said discovery can go forward -- on this limited request.  So

4  why has the debtor --

5  MR. MARTIN:  Well --

6  THE COURT:  -- not produced those documents?

7  MR. MARTIN:  Your Honor, our view is that they bought

8  these books and records from the trustee, and they can obtain

9  them from the trustee, and that asking --

10  THE COURT:  Let's say --

11  MR. MARTIN:  -- us for the --

12  THE COURT:  -- that's true.

13  MR. MARTIN:  -- books and records is a way to get

14  material for use in other litigation.

15  THE COURT:  No.  I think they've asked it for -- in

16  this litigation.  And the one objection you didn't make was

17  that it wasn't relevant, so I'm going to say it is relevant to

18  this litigation.  There was no relevancy objection here, so

19  it's relevant, so it has to be produced.

20  I do not view this as they're looking to step in the

21  shoes of the trustee.  I have litigation.  I had an order which

22  you all sent over.  So, if you don't know what "books and

23  records" means, I don't know what you put in your proposed

24  order that I signed.  But regardless of books and records,

25  there is a list of documents that was requested pursuant to a

1  document request, and your arguments, in my view, do not go to
2  the merits of the document request, as a document request.
3       MR. MARTIN:  Well, Your Honor, there were other
4  objections that we lodged that they did not address, and we
5  mentioned that in our footnote they were simply moving to
6  compel on the books and records issues.  But I understand Your
7  Honor's position, and I don't know if further argument would be
8  fruitful, so I might like to make some additional points
9  regarding what I think is an order that Your Honor is going to
10 enter, compelling us to produce.
11      THE COURT:  Fruitful?  It won't fruitful with respect
12 to the argument that this is somehow compelling the trustee's
13 right; that argument will not be successful because I do not
14 see it that way.  And I find it hard to believe that the
15 defendants really saw it that way, since you insisted,
16 apparently, on having them make a formal document request,
17 which they did, pursuant to the Rules of Civil Procedure.
18      But if you have another argument that you have raised
19 in your response, I will hear that.
20      MR. MARTIN:  Well, Your Honor, the issue of books and
21 records we did put in our certificate of counsel, when we sent
22 the order over, so I don't -- I've always viewed this, this
23 way.  So, if the Court thinks I'm changing my position, I --
24      THE COURT:  Well, let me --
25      MR. MARTIN:  -- I apologize for that, but --

1           THE COURT:  Let me say this.  Your position is wrong --

2           MR. MARTIN:  Okay.

3           THE COURT:  -- whether you had it initially, whether

4  it's been changed.  I don't think it could be any clearer that

5  I permitted discovery, document discovery, to go forward on a

6  limited discovery to go forward, but to go forward as

7  discovery.

8           MR. MARTIN:  Okay.  Thank you, Your Honor.

9           THE COURT:  Uh-huh.

10          MR. MARTIN:  In Footnote 2, on Page 3 of our response,

11 we highlighted the other things that we raise as objections,

12 the -- there's a couple of key ones that I would like to point

13 out.

14          THE COURT:  I'm sorry.  Where are you?  Oh.

15          MR. MARTIN:  It's Tab C.

16          THE COURT:  I'm sorry.  I was in the actual responses

17 to discovery.

18          MR. MARTIN:  That's okay.

19          THE COURT:  Okay.  Yes.

20          MR. MARTIN:  Docket Index 38, for the record --

21          THE COURT:  I'm with you.

22          MR. MARTIN:  -- at the end of Paragraph 3, Footnote 2.

23 The primary ones that I would like to focus the Court's

24 attention on are -- there's a couple of things there.

1   Specifically, the -- they're seeking documents from non-debtor

2   entities.  So the debtor is PCM, LLC, and its two principals

3   are only two of the many defendants, and so --

4           THE COURT:  Are they seeking any documents from non-

5   defendants?

6           MR. MARTIN:  They're seeking documents from non-

7   debtors.  They're seeking the debtor's books and records --

8           THE COURT:  I under -- no.  They're seeking -- let's

9   get off this.  They are seeking a list of documents.  There is

10  a list of documents here; that's what they're seeking.  They

11  may be related to the debtors, but there is a list of

12  documents.

13          And my question is:  I understand your point that they

14  are making requests of non-debtors.  Are they making requests

15  of non-defendants?

16          MR. MARTIN:  No, they served the request on the

17  defendants.  But my point is, is that Mr. Canelas and Mr.

18  Schepis, two of the defendants, are the individuals that owned

19  the debtor.

20          THE COURT:  Uh-huh.

21          MR. MARTIN:  And to the extent we have also made, you

22  know, a possession/custody/control argument.  So the Cayman

23  Islands funds, for example, that are down in the Cayman

24  Islands, for them to be compelled to turn over a file copy set

25  of the debtor's books and records, in our minds, seems overly

1    broad.  If --

2            THE COURT:  Why is that?  If they have the -- if they

3    have documents that are the subject of the document request,

4    and they're defendants, even if they were third parties --

5    they'd have to be subpoenaed.  But if they're defendants, then

6    why shouldn't they turn over what they have?  If they have

7    nothing because, in fact, they weren't the debtors, and they

8    have no documents, then they have no documents.

9            MR. MARTIN:  Okay.  I think perhaps the trouble I'm

10   having is that the request said books and records, including,

11   and the order says to turn over the books and records, so --

12           THE COURT:  Okay.  We are --

13           MR. MARTIN:  If Your Honor --

14           THE COURT:  -- past my --

15           MR. MARTIN:  -- is saying that --

16           THE COURT:  -- order now.  We're past my order now.

17   They have done their discovery request.  It has asked for a

18   list of documents.  There was no objection that they were

19   irrelevant, there were no objections to anything with respect

20   to the specific document requests that I read.  So now we're

21   looking at the list of documents.  And if any of these people

22   have them, they should turn -- they should produce them; not

23   turn them over, they should produce them --

24           MR. MARTIN:  Okay.

25           THE COURT:  -- as discovery.

1      MR. MARTIN:  All right.  So I understand what Your
2 Honor is saying, and I want to make sure that I understand what
3 we're being compelled to produce; and if it's that list of
4 documents, I understand Your Honor's reasoning for it, and so I
5 won't take further issue with that point because I think I hear
6 you loud and clear.
7      I guess, unless Your Honor has any further questions
8 for me, I will yield the podium back to the Court, to have the
9 hearing proceed as Your Honor wishes.
10      THE COURT:  Thank you.
11      Ms. Reilly.
12      MS. REILLY:  I don't actually have anything further to
13 say, unless Your Honor has any questions for me, Your Honor.
14      THE COURT:  I do not have any questions.  Thank you.
15      MS. REILLY:  Thank you.
16      THE COURT:  Was there a form of order that was --
17      MS. REILLY:  Yes.  It should be filed along with our
18 motion.
19      MR. MARTIN:  Tab B, Your Honor; Tab 1-B is the
20 proposed --
21      THE COURT:  Thank you.
22      MR. MARTIN:  -- form of order.
23      THE COURT:  I want the -- I want the order revised to
24 reflect my ruling, which is that there was a document discovery
25 request that was made, and I'm requiring each party -- each

1    defendant who received that document request to produce any

2    documents that it has that are responsive.  And I'm overruling

3    the objections that were made in the response to plaintiffs for

4    said requests for the production of documents.

5         Any questions?

6         MS. REILLY:  No, Your Honor.

7         THE COURT:  Ms. Reilly, if you can circulate the form

8    of order, so Mr. Martin has a chance to review it.

9         MR. MARTIN:  No questions, Your Honor.

10        THE COURT:  Thank you.

11        Anything further for today?

12        MS. REILLY:  No, thank you.

13        THE COURT:  Thank you.  We're adjourned.

14    (Proceedings concluded at 3:16 p.m.)

15                              *****

```
 1                           CERTIFICATION
 2            I certify that the foregoing is a correct transcript
 3   from the electronic sound recording of the proceedings in the
 4   above-entitled matter to the best of my knowledge and ability.
 5
 6
 7
 8   /s/ Coleen Rand                              August 19, 2016
 9   Coleen Rand
10   Certified Court Transcriptionist
11   For Reliable
```